Christopher Sproul (State Bar No. 126398)
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone:  (415) 533-3376
Facsimile:  (415) 358-5695
Email:  csproul@enviroadvocates.com

Attorney for Plaintiffs
ECOLOGICAL RIGHTS FOUNDATION and
OUR CHILDREN'S EARTH FOUNDATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation, and OUR CHILDREN'S EARTH FOUNDATION, a nonprofit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | Civil Case No. 19-cv-4242 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs Ecological Rights Foundation ("EcoRights") and Our Children's Earth Foundation ("OCE")
allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this action under the Administrative Procedure Act ("APA") and the
Freedom of Information Act ("FOIA") to challenge the United States Environmental Protection
Agency's ("EPA") newly promulgated regulations implementing FOIA, 5 U.S.C. § 552.  *See* 84 Fed.
Reg. 30,028 (June 26, 2019) (hereinafter "EPA's FOIA Regulations"). EPA's FOIA Regulations violate
the letter and spirit of FOIA and represent the latest example of EPA's ongoing attack on government
transparency and accountability. In addition, EPA's promulgation of the EPA FOIA Regulations was
illegal procedurally because EPA excluded the public from its decisionmaking process and promulgated
the Regulations without notice and comment rulemaking. Plaintiffs seek an order declaring that EPA's
FOIA Regulations are illegal, vacating their approval, and requiring that EPA provide at least a 30-day
public comment period before promulgating new FOIA regulations.

## JURISDICTION

2.      Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 5 U.S.C. § 704. The
requested relief is proper under 28 U.S.C. §§ 2201 and 2202, 5 U.S.C. § 706(2), and 5 U.S.C. §
552(a)(4)(B).

3.      This Court has personal jurisdiction over EPA and its officials because EPA is an agency
of the federal government operating within the United States.

## VENUE

4.      Venue in the United States District Court for the Northern District of California is proper
under 28 U.S.C. § 1391(e) because at least one defendant resides in the judicial district, a substantial
part of the events giving rise to this litigation occurred within this judicial district, the Plaintiffs reside
within this judicial district, and there is no real property involved in the action.

## INTRADISTRICT ASSIGNMENT

5.       Intradistrict assignment of this matter to the San Francisco Division of the Court is
appropriate pursuant to Civil Local Rule 3-2(d) because Plaintiffs' principal counsel resides in San

Francisco County, EcoRights' principal place of business is located in Garberville, California, and OCE's principal place of business is located in Napa, California.

## THE PARTIES

6.     ECOLOGICAL RIGHTS FOUNDATION ("EcoRights") is a non-profit, public benefit corporation, organized under the laws of the State of California, devoted to furthering the rights of all people to a clean, healthful, and biologically diverse environment. To further its environmental advocacy goals, EcoRights actively seeks federal and state agency implementation of state and federal environmental laws and, as necessary, directly initiates enforcement actions on behalf of itself and its members.

7.     OUR CHILDREN'S EARTH FOUNDATION ("OCE") is a non-profit corporation based in Napa, California dedicated to protecting the environment. OCE promotes public awareness of domestic and international environmental impacts through information dissemination, education, and private enforcement of environmental protection statutes. OCE enforcement cases aim to achieve public access to government information, ensure proper implementation of environmental statutes and permitting, and enjoin violations of environmental and government transparency laws. OCE has an active membership of people from all over the United States with a significant portion of its members residing in the San Francisco Bay Area.

8.     Plaintiffs bring this action on their own behalf and on behalf of their adversely affected members and staff. Plaintiffs work in furtherance of their goals in part by acquiring information regarding federal programs and activities through FOIA. Plaintiffs then compile and analyze that information and, subsequently, disseminate that information to their membership, the general public, and public officials through various sources, including reports posted on their websites and other websites and through television, radio, and print media interviews. Plaintiffs' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment and government transparency contribute significantly to the public's understanding of governmental operations and activities. Plaintiffs also use the information that they acquire through FOIA to

participate in federal decisionmaking processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental and transparency laws.

9.     Plaintiffs regularly use FOIA as an important avenue for gaining information about agency activities. Plaintiffs are harmed by EPA's failure to properly implement FOIA, which threatens Plaintiffs' ability to receive complete and timely record productions in response to their current and future FOIA requests to EPA. Without the information they obtain through FOIA, Plaintiffs cannot successfully serve as effective public interest watchdogs ensuring that EPA is lawfully fulfilling its statutory duties.

10.     Plaintiffs intend to continue their use of FOIA to access agency records in the possession of EPA. Specifically, Plaintiffs have concrete plans to regularly submit additional FOIA requests to EPA as their advocacy efforts continue, and to follow up on the information learned while reviewing agency records responsive to current and future FOIA requests. Plaintiffs also plan to continue to challenge, through litigation and policymaking avenues, EPA's failure to comply with the requirements of FOIA, as evidenced by EcoRights' two pending FOIA lawsuits discussed below.

11.     One of the purposes of FOIA is to promote the active oversight role of public advocacy groups incorporated in many federal laws applicable to federal agencies. Plaintiffs use FOIA to publicize activities of federal agencies and to mobilize the public to participate in advocacy to elected and other government officials concerning environmental policies. Plaintiffs intend to continue using FOIA requests to fulfill their oversight and advocacy role through scrutinizing agency records, a practice Congress intended to promote through the adoption of FOIA. EPA's FOIA Regulations will delay production of records and result in additional records being improperly withheld. This will prevent Plaintiffs from assessing whether EPA is adequately enforcing the nation's environmental laws and acting ethically and responsibly. This harm can be remedied in part by ensuring Plaintiffs have prompt access to public records going forward, which requires vacating EPA's FOIA Regulations.

12.     In addition, EPA's decision to promulgate EPA's FOIA Regulations without notice and comment rulemaking prevented Plaintiffs from providing input on the Regulations that could have led EPA to make changes to the Regulations that would have improved government transparency. EPA's

failure to provide notice of its proposed rule and an opportunity to comment on it harmed Plaintiffs and denied them a statutory right that they otherwise would have used to influence government decisionmaking. This harm can be remedied in part by vacating EPA's FOIA Regulations and ensuring that EPA promulgates new FOIA regulations, if any, pursuant to notice and comment rulemaking.

13.     Plaintiffs, their staff, or one or more of their members have and will suffer direct injury by the EPA's failure to comply with the statutory requirements of the APA and FOIA, and a favorable outcome of this litigation will redress that injury. EPA's FOIA Regulations are illegal and EPA's failure to follow mandatory public involvement requirements in the promulgation of those Regulations has prevented Plaintiffs from participating in EPA's decisionmaking process and ensuring that EPA adequately protects the public and the environment from serious harm, follows the law, and behaves ethically. Harm to the Plaintiffs flows from EPA's violations of the law, which conceal the facts and circumstances of EPA's current management and activities and thwarts Plaintiffs in their public education and environmental protection efforts.

14.     Defendant EPA is an agency that is responsible for administering and implementing the nation's environmental laws. FOIA charges EPA with the duty to provide public access to agency records in its possession or control. The APA forbids EPA from taking action that is arbitrary, capricious, not in accordance with law, or without observance of procedure required by law.

15.     EPA's FOIA Regulations violate the APA and FOIA because they will impede Plaintiffs and other members of the public from successfully submitting FOIA requests to EPA, will significantly impair Plaintiffs' and other requesters' ability to obtain records, will significantly increase the time it takes for Plaintiffs and other requesters to receive their requested records, will further delay EPA's response to FOIA requests, will insert political interference into what should be an objective determination process, will eliminate administrative review processes provided for in FOIA, will improperly constrain the scope of FOIA productions, will withhold information from FOIA productions that is not within an exemption, and will otherwise interfere with FOIA's government transparency and accountability goals. EPA's decision to promulgate EPA's FOIA Regulations without notice and

1    comment rulemaking also violates both the APA and FOIA by failing to follow the procedures required

2    under those laws.

3                   **STATUTORY AND REGULATORY BACKGROUND**

4           16.     Judicial review of the substance of EPA's rulemaking is governed by section 706 of the

5    APA. 5 U.S.C. § 706. Under the APA, "[t]he reviewing court shall … hold unlawful and set aside

6    agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or

7    otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

8           17.     EPA's action is arbitrary and capricious "if the agency has relied on factors Congress has

9    not intended it to consider, entirely failed to consider an important aspect of the problem, or offered 'an

10   explanation that runs counter to the evidence before the agency, or is so implausible that it could not be

11   ascribed to a difference in view or the product of agency expertise.'" *Great Basin Mine Watch v.*

12   *Hankins*, 456 F.3d 955, 962 (9th Cir. 2006) (internal citation omitted). The arbitrary and capricious

13   standard is deferential, but it does not "shield" EPA's decisions from a "thorough, probing, in-depth

14   review." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971). EPA must articulate "a

15   rational connection between the facts found and the conclusions made." *Ore. Natural Res. Council v.*

16   *Lowe*, 109 F.3d 521, 526 (9th Cir. 1997). EPA is not entitled to deference where its conclusions "do not

17   have a basis in fact." *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1236

18   (9th Cir. 2001).

19          18.     The Court can only uphold an EPA decision on the basis of the reasoning found in that

20   decision, it cannot substitute reasons for agency action that are not in the record. *Anaheim Mem. Hosp. v.*

21   *Shalala*, 130 F.3d 845, 849 (9th Cir. 1997).

22          19.     The process for EPA rulemaking is also governed by section 706 of the APA. 5 U.S.C. §

23   706. Under the APA, "[t]he reviewing court shall … hold unlawful and set aside agency action, findings,

24   and conclusions found to be … without observance of procedure required by law." 5 U.S.C. §

25   706(2)(D).

26          20.     Before EPA can adopt a final rule, the APA requires that it provide notice of its proposed

27   rule in the Federal Register and an opportunity for public comment. 5 U.S.C. § 553(b), (c).

COMPLAINT FOR DECLARATORY              5
AND INJUNCTIVE RELIEF

1  The APA's "notice and comment" requirements do not apply "to interpretative rules, general statements

2  of policy, or rules of agency organization, procedure, or practice" or "when the agency for good cause

3  finds … that notice and public procedure thereon are impracticable, unnecessary, or contrary to the

4  public interest." 5 U.S.C. § 553(b). However, these exceptions are quite narrow and also do not apply

5  where notice and comment rulemaking is required by another statute. *See id.*; *Mack Trucks, Inc. v. EPA*,

6  682 F.3d 87, 93 (D.C. Cir. 2012) ("[w]e have repeatedly made clear that the good cause exception 'is to

7  be narrowly construed and only reluctantly countenanced.'") (citations omitted). The good cause

8  exemption is further "confined to those situations in which the administrative rule is a routine

9  determination, insignificant in nature and impact, and inconsequential to the industry and to the public"

10  and does not apply where members of the public are "greatly interested" in the rulemaking at

11  issue. *Mack Trucks*, 682 F.3d at 94 (citations omitted). The procedural exception only applies where the

12  rulemaking at issue contains no "value judgment." *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F.

13  Supp. 2d 90, 100-01 (D.D.C. 2008).

14      21.     FOIA explicitly requires notice and comment rulemaking where the regulations being

15  promulgated address aggregation of certain requests, the schedule of fees applicable to the processing of

16  requests, expedited processing of requests, and multi-track processing. *See* 5 U.S.C. § 552(a)(6)(B)(iv)

17  (aggregation); 5 U.S.C. § 552(a)(4)(A)(i) (schedule of fees); 5 U.S.C. § 552(a)(6)(E)(i) (expedited

18  processing); 5 U.S.C. § 552(a)(6)(D)(i) (multi-track processing).

19      22.     FOIA's "basic objective" is "the fuller and faster release of information." *Oglesby v.*

20  *Dep't of Army*, 920 F.2d 57, 64 n.8 (D.C. Cir. 1990). In service of this goal, FOIA lays out a

21  comprehensive statutory scheme requiring that EPA timely divulge its records regardless of whether it

22  would like to. *See, e.g., U.S. Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (quoting S. Rep.

23  No. 813, 89th Cong., 1st Sess., 3 (1965)). Under FOIA, EPA is required to make a determination on any

24  FOIA request that it receives within 20 working days, immediately notify the party making the request

25  of such determination, the reasons for the determination, and the party's right to appeal that

26  determination to the "head of the agency," here the Administrator of EPA. 5 U.S.C. § 552(a)(6)(A)(i).

27

1   EPA must then promptly produce all requested records that are responsive to that request and that are

2   not subject to one of FOIA's exclusive list of nine statutory exemptions. 5 U.S.C. § 552(a)(3)(A).

3        23.    The courts have emphasized the narrow scope of the FOIA exemptions and "the strong

4   policy of the FOIA that the public is entitled to know what its government is doing and why." *Coastal*

5   *States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980); *NLRB v. Robbins Tire &*

6   *Rubber Co.*, 437 U.S. 214, 242 (1978) ("The basic purpose of FOIA is to ensure an informed citizenry,

7   vital to the functioning of a democratic society, needed to check against corruption and to hold the

8   governors accountable to the governed."). The FOIA Improvement Act of 2016 further reigned these

9   restrictions in, requiring disclosure of information that meets an exemption unless disclosure would

10  harm an interest protected by the exemption – what is referred to as the "foreseeable harm standard." *See*

11  5 U.S.C. § 552(a)(8)(A)(i).

12       24.    FOIA was amended in 2007 to reaffirm that Congress, through FOIA, continues to seek

13  to "ensure that the Government remains open and accessible to the American people and is always based

14  not upon the 'need to know' but upon the fundamental 'right to know.'" Pub. L. No. 110-175, 121 Stat.

15  2524, Section 2 ¶6 (2007); *see also Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172-73

16  (2004) (FOIA is "a means for citizens to know what their Government is up to.' This phrase should not

17  be dismissed as a convenient formalism. It defines a structural necessity in a real democracy.") (internal

18  citation omitted).

19       25.    Recognizing that FOIA requesters are harmed when agencies do not ensure prompt

20  public access to agency records, Congress has repeatedly amended FOIA to address unreasonable

21  agency delay. *See, e.g.,* 110 Stat. 3048, 104 P.L. 231, Sec. 1; 5 U.S.C. § 552(a)(4)(C) (requiring

22  expedited responsive pleadings within 30 days of service in FOIA actions).

23       26.    Furthermore, 5 U.S.C. § 552(a)(6)(A)(i) requires that EPA provide enough information,

24  presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what

25  has not been produced and "the reasons therefore."

26       27.    "[A] system adopted by an agency for dealing with documents of a particular kind

27  constitutes 'withholding' of those documents if its net effect is significantly to impair the requester's

1   ability to obtain the records or significantly to increase the amount of time he must wait to obtain them."

2   *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir.), *on reh'g sub nom. McGehee v. Cent. Intelligence*

3   *Agency*, 711 F.2d 1076 (D.C. Cir. 1983). Such withholding is improper under FOIA "unless the agency

4   can offer a reasonable explanation for its procedure." *Id.* FOIA's citizen suit provision allows a plaintiff

5   to bring suit to enjoin agencies from improperly withholding agency records. 5 U.S.C. § 552(a)(4)(B).

6        28.     There is no statutory basis for EPA to withhold a "non-responsive" portion of a record

7   that is responsive to a FOIA request. *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration*

8   *Review*, 830 F.3d 667, 670, 676-79 (D.C. Cir. 2016). When EPA determines that a record is responsive,

9   it can only redact information from that record if it falls under an enumerated FOIA exception. *Id.*; *see*

10  *also* The U.S. Department of Justice's Office of Information Policy's (OIP) 2017 FOIA guidance

11  https://www.justice.gov/oip/oip-guidance/defining_a_record_under_the_foia (once a search has

12  identified a record, the agency "must process it in its entirety for exemption applicability.  Only those

13  portions of the record that are exempt can be redacted… it is not permissible to redact information

14  within a record as 'non-responsive.'").

15                              **FACTUAL BACKGROUND**

16                              **EPA's FOIA Rulemaking**

17       29.     On June 26, 2019, EPA published a final rule in the Federal Register revising EPA's

18  FOIA Regulations. 84 Fed. Reg. 30,028. EPA published this rule without providing the public with

19  notice of the rule and an opportunity to comment. *Id.* at 30,028-29. EPA claimed that it did not need to

20  provide notice and an opportunity to comment on the Regulations because EPA's FOIA Regulations fall

21  under the "procedural exception" and "good cause exception" to notice and comment rulemaking. *See*

22  84 Fed. Reg. at 30,029. EPA has provided no valid basis for this decision.

23       30.     EPA's FOIA Regulations purport to centralize submission and processing of FOIA

24  requests at EPA Headquarters in Washington, D.C. 84 Fed. Reg. at 30,030, 30,031, 30,032-33. This will

25  reduce field office involvement in FOIA request processing and will cause all FOIA requests to be

26  processed, at least initially, at EPA Headquarters. EPA has provided no reasonable basis for this

27  decision.

31.     EPA's FOIA Regulations purport to allow the Administrator of EPA to make final FOIA determinations in the first instance. 84 Fed. Reg. at 30,031 ("the Administrator ha[s] the authority to respond to FOIA requests."); 84 Fed. Reg. at 30,033. EPA's FOIA Regulations purport to bar administrative appeals of determinations made by the Administrator. 84 Fed. Reg. at 30,035 ("An adverse determination by the Administrator on an initial request will serve as the final action of the Agency."). EPA has provided no reasonable bases for these decisions.

32.     EPA's FOIA Regulations purport to set a presumptive search cut-off date for FOIA requests of the date that EPA receives the request. 84 Fed. Reg. at 30,033 ("To determine which records are within the scope of a request, an office will ordinarily include only those records in the Agency's possession as of the date the request was received by one of the methods…"). Under EPA's FOIA Regulations, EPA will ordinarily not search for records produced during the period between when it receives a request and when it actually searches for records responsive to the request. Under EPA's FOIA Regulations, EPA will ordinarily not search for records produced during the period between when it receives a request and when it actually makes a determination on the request. Under EPA's FOIA Regulations, EPA will ordinarily not search for records produced during the period between when it receives a request and when it produces records responsive to that request. EPA has provided no reasonable basis for this decision.

33.     EPA's FOIA Regulations purport to allow EPA to withhold portions of records that are responsive to a FOIA request on the grounds that those portions are not responsive to the request. 84 Fed. Reg. at 30,033 (stating that various EPA staff are authorized to make final FOIA determinations "including to issue final determinations whether to release or withhold a record *or a portion of a record on the basis of responsiveness* or under one or more exemptions under the FOIA, and to issue 'no records' responses.") (emphasis added). EPA has provided no reasonable basis for this decision.

34.     EPA's FOIA Regulations purport to change regulatory language addressing aggregation of certain requests. 84 Fed. Reg. at 30,037. EPA's FOIA Regulations purport to change regulatory language addressing the schedule of fees applicable to the processing of requests. 84 Fed. Reg. at 30,029, 30,030-31, 30,033, 30,035-38. EPA's FOIA Regulations purport to change regulatory language

1  addressing how it will provide for expedited processing of requests. 84 Fed. Reg. at 30,033, 30,034.

2  EPA's FOIA Regulations purport to change regulatory language providing for multi-track processing.

3  84 Fed. Reg. at 30,034.

4       35.     On information and belief, EPA's changes are intended to, and in fact will, prevent

5  members of the public, including Plaintiffs and their members, from successfully submitting FOIA

6  requests to EPA, will significantly impair requesters' ability to obtain records, will significantly increase

7  the time it takes for requesters to receive their requested records, will further delay EPA's response to

8  FOIA requests, will insert political interference into what should be an objective determination process,

9  will eliminate administrative review processes provided for in FOIA, will improperly constrain the

10  scope of FOIA productions, will cause EPA to withhold information from FOIA productions that is not

11  within an exemption, and will otherwise interfere with FOIA's government transparency and

12  accountability goals. However, as discussed above, the public was neither given any notice of EPA's

13  FOIA Regulations nor an opportunity to comments on the Regulations. Both EPA's substantive

14  decisions, memorialized in EPA's FOIA Regulations, and its decision to promulgate the Regulations

15  without notice and comment rulemaking were unreasonable, arbitrary, capricious, not in accordance

16  with law, and without observance of procedure required by law in violation of the APA and FOIA.

17                 **EPA's General Failure to Comply with FOIA Requirements**

18       36.     EPA's FOIA website, https://www.epa.gov/foia, contains data and reports documenting

19  EPA's pattern and practice of violating FOIA's deadlines with respect to the public at large. For

20  instance, EPA's FOIA Annual Report for fiscal year 2018 reports 2,761 backlogged requests, defined as

21  requests pending that are beyond the statutory time period for a response. Larry F. Gottesman, *EPA*

22  *FOIA Annual Report for 10/01/2017 through 9/30/2018*,

23  https://www.epa.gov/sites/production/files/2019-03/documents/epa-foia-annual-report-2018.pdf.

24  Similarly, EPA's excel spreadsheet titled "All FOIA Requests Pending as of May 31, 2018" lists

25  thousands of overdue EPA FOIA requests. EPA, *All FOIA Requests Pending as of May 31, 2018*,

26  https://www.epa.gov/foia/all-foia-requests-pending-month. The oldest of these requests had been

27  pending at that time for an incredible 2,485 days (nearly 7 years) and dozens had been pending for 4 or

more years. *Id.* EPA appears to have given up on updating this list and has not provided an update in over a year.

37.     Since the inauguration of the Trump Administration, EPA has been under a hiring freeze and Administrator Wheeler has been actively seeking to further shrink the Agency by recently proposing to reduce its budget by an additional 31.2 percent from what it received in 2019 appropriations. Amelia Brust, *Senate Dems unamused by proposed budget cuts, low staffing at EPA* (April 4, 2019), https://federalnewsnetwork.com/budget/2019/04/senate-dems-unamused-by-proposed-budget-cuts-low-staffing-at-epa/. On information and belief, EPA has chosen to employ insufficient staffing to address the FOIA request backlog pending before the Agency. Due to EPA's chosen insufficient staffing, the backlog of FOIA requests will to continue to grow rather than to diminish in the future unless EPA reverses course and assigns more staff to responding to FOIA requests and takes other actions to improve its FOIA processing, including rescinding EPA's FOIA Regulations at issue in this complaint.

38.     In addition to these more passive impediments to FOIA, EPA has also actively put several practices into play to slow its FOIA responses and obstruct FOIA requester access to records. For example, the U.S. Hours of Representatives, Committee on Oversight and Government Reform sent a letter to former Administrator Scott Pruitt explaining that EPA has adopted a "first in, first out" policy in order to avoid releasing records from the current administration until all Obama Administration records are released. *See* Elijah E. Cummings, U.S. Hours of Representatives, Committee on Oversight and Government Reform letter to Scott Pruitt (June 11, 2018) https://oversight.house.gov/sites/democrats.oversight.house.gov/files/documents/2018-06-11.EEC%20to%20Pruitt%20re.%20FOIA%20requests.pdf. This Letter explained that EPA also instituted a new process requiring senior political appointees to review FOIA responses before they are released, a so-called "awareness review." *Id.* The letter explained "EPA's front office is now responding more slowly, withholding more information, and rejecting more requests, according to EPA's own data and independent sources. Combined with [EPA's] refusal to produce documents requested by Congress, [EPA's] actions in delaying records under FOIA raise concerns about a fundamental lack of transparency at EPA." *Id.* A more recent December 19, 2018 letter to Administrator Wheeler from the

1  Committee on Oversight and Government Reform indicates these concerns appear to be continuing

2  under Administrator Wheeler and that even Congress is unable to get EPA to produce records on time.

3  https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2018-12-

4  19.EEC%20to%20Wheeler-EPA%20re%20Pruitt.pdf (requesting, on December 19, 2018, access to

5  records it had requested on February 20, 2018, April 11, 2018, and April 13, 2018).

6      39.    On information and belief, EPA's procedures have the purpose and effect of slowing

7  FOIA releases and of impairing FOIA requesters' ability to receive the records that they seek. EPA's

8  FOIA Regulations exacerbate these problems by expressly providing for the centralization of FOIA

9  response exemplified by the "awareness review" that has been a major factor in slowing EPA's FOIA

10  responses.

11  **EPA Staff Have Recently Pointed Out the Flaws in the Policies**

12  **EPA Adopted in its FOIA Regulations**

13      40.    EPA staff have spoken out against the very changes laid out in EPA's FOIA Regulations.

14  EPA's own internal audit of its FOIA program in 2016 found that career staff strongly preferred

15  improving centralization of FOIA processes *within regions themselves* (42%) over attempting to

16  centralize FOIA at EPA headquarters (23%). *See* EPA, Office of Environmental Information. *Evaluation*

17  *of EPA's FOIA.* https://www.epa.gov/sites/production/files/2016-12/documents/evaluation-foia-

18  program-2-12-2016.pdf. Those same career staff also expressed concern that EPA lacked the resources

19  or staff actually necessary to support any successful centralization effort. *Id.* These facts, coupled with

20  EPA's overwhelming failure to comply with FOIA deadlines, render the decision to centralize FOIA

21  response operations in Washington, D.C. unreasonable, arbitrary, and capricious.

22      41.    The aforementioned "awareness review" policy, which began under former Administrator

23  Scott Pruitt, authorized political, not career, staff to issue FOIA determinations and overrule career

24  FOIA staff and required political staff to approve EPA's FOIA responses. Letter from Ranking Member

25  Elijah E. Cummings (now Chairman) of the House Oversight Committee, to former EPA Administrator

26  Scott Pruitt. June 11, 2018.

27  https://oversight.house.gov/sites/democrats.oversight.house.gov/files/documents/2018-06-

11.EEC%20to%20Pruitt%20re.%20FOIA%20requests.pdf. EPA Chief of Staff Ryan Jackson admitted

that this review process was used for requests EPA considered "politically charged." Subpoena Request

from Ranking Member Cummings to Committee Chairman Trey Gowdy. July 13, 2018.

https://oversight.house.gov/sites/democrats.oversight.house.gov/files/documents/2018-07-

13.EEC%20to%20Gowdy%20re.FOIA%20Subpoena.pdf. However, on November 16, 2018, Mr.

Jackson subsequently issued a memorandum stating that "awareness" reviewers are not permitted to

issue or alter FOIA determinations made by career staff, and that only "FOIA staff, program staff, and

program managers will . . . determine whether information should be released or withheld under FOIA's

exemptions." Memorandum from Ryan Jackson, EPA Chief of Staff, to all EPA staff re: Awareness

Notification Process for Select Freedom of Information Act Releases. November 16, 2018.

http://www.environmentalintegrity.org/wpcontent/uploads/2018/11/epa-memo.pdf. EPA's FOIA

Regulations are an about face on this policy in that they purport to allow political appointees, including

the Administrator, to determine what records should be released and withheld in the first instance. *See*

84 Fed. Reg. at 30,031, 30,033. Adopting regulations which mandate change in this policy is significant

and mandates public notice and comment procedures which EPA has failed to implement.

**Plaintiffs' Past and Pending Lawsuits Challenging EPA's Ongoing Failures to Comply with FOIA**

42.     EcoRights and OCE have a long history of submitting FOIA requests to EPA. This

includes several FOIA requests that EcoRights submitted over the last two and a half years requesting

records related to various scandals and attempts at limiting transparency at EPA. When EPA failed to

comply with FOIA's statutory requirements with regard to these requests, EcoRights was forced to seek

judicial intervention to secure its rights guaranteed by FOIA.

43.     EcoRights sent EPA a FOIA request on February 1, 2017, seeking records addressing

"gag order" directives or requests issued since the inauguration of President Trump by any Trump

Administration official to employees of the EPA instructing them to not speak publicly about work at

EPA and concerning whether scientific data must undergo review by a political appointee prior to

publication by EPA ("FOIA Request 1"). EPA failed to issue a final determination concerning FOIA

Request 1 within the deadlines mandated by FOIA or to promptly produce any records responsive to this

request. EcoRights filed a lawsuit in this Court challenging EPA's failure to comply with FOIA with regards to FOIA Request 1 on January 18, 2018. *Ecological Rights Found. v. EPA*, 4:18-cv-00394-DMR (N.D. Cal.), Dkt. 1 ("*EcoRights v. EPA I*").

44.     On August 6, 2018, EcoRights amended its complaint in *EcoRights v. EPA I* to add claims related to three additional EcoRights FOIA requests that EPA had failed to timely process. *Id.* at Dkt. 37. EcoRights submitted the second FOIA request ("FOIA Request 2") on January 23, 2018. FOIA Request 2 seeks records related to EPA's efforts to investigate employees for expressing political views different than those of the Trump Administration, including EPA's contracts and communications with outside entities to effectuate this purpose. EcoRights submitted the third FOIA request ("FOIA Request 3") on March 21, 2018. FOIA Request 3 seeks records related to EPA's use of drug testing to intimidate employees and records related to EPA's hiring freeze, reductions in staffing, and plans to curtail environmental programs to accommodate the decrease in staff. EcoRights submitted the fourth FOIA request ("FOIA Request 4") on April 10, 2018. FOIA Request 4 seeks records related to former EPA Administrator Pruitt's use of a condominium connected with an industry lobbyist and communications with that lobbyist; records reflecting former Administrator Pruitt's role in hiring, demoting, and securing pay raises for certain employees within EPA; former Administrator Pruitt's use of public funds for first class airfare and security measures, and records related to former Administrator Pruitt's travel expenditures.

45.     On August 30, 2018, EcoRights sent EPA a FOIA request for records addressing a variety of transparency and related issues at EPA ("FOIA Request 5"). FOIA Request 5 seeks transition memoranda issued since former Administrator Pruitt resigned from the EPA on July 5, 2018, relating to efforts to curtail transparency at EPA, acceptable travel and housing costs and practices for EPA employees, complaints of retaliatory reassignments and demotions within EPA, and complaints about improper promotions at EPA. FOIA Request 5 also seeks records related to Administrator Andrew Wheeler's plans for the soundproof phone booth former Administrator Pruitt installed in his office, to continue former Administrator Pruitt's attempts to shrink the EPA and institute a "hiring freeze" at EPA, to change policies concerning how to review and/or respond to FOIA requests; and his calendar, meeting

schedule, and meeting notes. Finally, FOIA Request 5 seeks records related to the EPA Inspector

General's ongoing ethics investigations of former Administrator Pruitt and records related to the

sufficiency of EPA's search for records responsive to FOIA Request 1. EPA failed to timely issue a

determination on FOIA Request 5 or to produce the responsive records and EcoRights filed a lawsuit

challenging EPA's failure to comply with FOIA with regards to FOIA Request 5 request on April 5,

2019. *Ecological Rights Found. v. EPA*, 1:19-cv-980-BAH (D.D.C.) ("*EcoRights v. EPA II*"). EcoRights

Amended its complaint in *EcoRights v. EPA II* on April 12, 2019, to, amongst other things, add a claim

that EPA's repeated failures to comply with FOIA with regards to EcoRights' FOIA requests constitutes

a pattern or practice of violating FOIA.

46.     As of the filing of this Complaint, EPA has not made complete final determinations on

FOIA Request 1, FOIA Request 2, FOIA Request 3, FOIA Request 4, or FOIA Request 5 despite the

statutory response deadlines having expired long ago and the requests being subject to litigation. This

has prevented EcoRights from serving as an effective public interest watchdog, from preventing

environmental harm, and from participating in time-limited opportunities for political involvement and

has denied EcoRights records it is entitled to have by law. EPA has been violating FOIA with impunity

and the new EPA FOIA Regulations continue and compound EPA's attack on transparency and

accountability.

### FIRST CLAIM FOR RELIEF
**Violation of the APA and FOIA**
**EPA's Decision to Centralize its FOIA Processing Activities at**
**EPA Headquarters is Unreasonable, Arbitrary, and Capricious**

47.     Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and

all paragraphs of this Complaint.

48.     EPA's decision to centralize its FOIA processing activities at its Washington, D.C.

Headquarters is unreasonable, arbitrary, and capricious in light of its overwhelming failure to timely

process FOIA requests and the fact that this will inevitably slow that process down further. 5 U.S.C. §

552(a)(6)(A)(i) is plain: within 20 working days of the date that a FOIA request is received federal

agencies must provide a determination that (1) informs the requester as to the disposition of its request,

*i.e.*, whether records will be provided or withheld and if the latter, why, and (2) that informs the requester of a right to appeal any decision not to provide requested records. EPA nearly always misses that deadline. However, contrary to its own staff's recommendations, EPA has decided to centralize processing of FOIA requests, reducing the number of staff working on those requests and inevitably causing further delay.

49.     Under the APA, "[t]he reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). EPA's decision to centralize FOIA processing at its headquarters is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* This decision also represents an improper withholding of records under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee*, 697 F.2d at 1110.

**SECOND CLAIM FOR RELIEF**
**Violation of the APA and FOIA**
**EPA's Decision to Allow the EPA Administrator to Make Initial FOIA Determinations**
**and to Bar Appeals of Those Determinations is Unreasonable, Arbitrary, Capricious, and**
**Otherwise Not in Accordance With Law**

50.     Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

51.     EPA's decision to allow the Administrator to make initial determinations on FOIA requests and to bar requesters from appealing those determinations is arbitrary, capricious, and otherwise not in accordance with law. FOIA requires that all determinations provide notification of "the right of such person to appeal to the head of the agency…" 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). The right of a FOIA requester to appeal a FOIA determination to the head of the agency, here the EPA Administrator, is thus statutorily required for a valid determination under FOIA. EPA may not foreclose the opportunity to appeal any determination. The Administrator also cannot make an initial determination because he or she is the official charged with deciding the appeal. EPA's decision to allow the Administrator to make initial determinations that are not appealable violates the language and structure of FOIA.

52.     Under the APA, "[t]he reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). EPA's decision to allow the Administrator to make initial FOIA determinations that are not appealable is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* This decision also represents an improper withholding of records under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee*, 697 F.2d at 1110.

### THIRD CLAIM FOR RELIEF
**Violation of the APA and FOIA**
**EPA's Decision to Use a Date-of-Request Cut-Off for Processing**
**FOIA Requests is Unreasonable, Arbitrary, and Capricious**

53.     Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

54.     EPA's decision to use the date of a FOIA request as the presumptive cut-off date for the search for records responsive to that request is unreasonable, arbitrary, and capricious. EPA nearly always misses its deadline to issue a determination on FOIA requests, sometimes by many years. This means that EPA will use a search cut-off date for requests that may be years in the past, providing requesters with stale information. This does not comport with FOIA's information forcing goals and language. Given EPA's extremely poor records of responding to FOIA requests in a timely manner, its presumption of a date-of-request search cut-off date for FOIA requests is unreasonable.

55.     Under the APA, "[t]he reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). EPA's decision to use the date of a FOIA request as the presumptive cut-off date for the search for records responsive to that request is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* This decision also represents an improper withholding of records under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee*, 697 F.2d at 1110.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**FOURTH CLAIM FOR RELIEF**
**Violation of the APA and FOIA**
**EPA's Decision Purporting to Allow it to Withhold Portions of Records on "Responsiveness" Grounds is Unreasonable, Arbitrary, Capricious, and Otherwise Not in Accordance With Law**

56.    Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

57.    EPA's FOIA Regulations purporting to allow it to withhold portions of responsive records on the basis that those portions of the records are themselves non-responsive to the FOIA request is unreasonable, arbitrary, capricious, and otherwise not in accordance with law. If a record contains information that is responsive to a FOIA request, it must be produced in its entirety unless a portion can properly be withheld under one of FOIA's nine enumerated exemptions. *Am. Immigration Lawyers*, 830 F.3d at 670, 676-79. An agency cannot withhold a portion of a record by claiming that portion is not responsive to the request. *Id.* However, that is precisely what EPA's FOIA Regulations say EPA is allowed to do. 84 Fed. Reg. at 30,033 (providing in new 40 C.F.R. § 2.103(b) that the listed officials "are authorized to make determinations required by 5 U.S.C. 552(a)(6)(A), including to issue final determinations whether to release or withhold a record *or a portion of a record on the basis of responsiveness*…") (emphasis added).

58.    Under the APA, "[t]he reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). EPA's decision to allow officials to withhold portions of responsive records on the basis of "responsiveness" is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* This decision also represents an improper withholding of records under FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *McGehee*, 697 F.2d at 1110.

**FIFTH CLAIM FOR RELIEF**
**Violation of the APA and FOIA**
**EPA's Promulgation of the EPA FOIA Regulations Without Notice and Comment Rulemaking is Without Observance of Procedure Required by Law**

59.    Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

60.     EPA promulgated the EPA FOIA Regulations without notice and comment rulemaking despite being required to use notice and comment rulemaking by both the APA and FOIA. EPA claimed that it did not need to provide notice and an opportunity to comment on the Regulations because EPA's FOIA Regulations fall under the "procedural exception" and "good cause exception" to notice and comment rulemaking. *See* 84 Fed. Reg. at 30,029. However, these narrow exceptions do not apply where notice and comment rulemaking is required by another statute. 5 U.S.C. § 553(b)(3). Because FOIA independently requires notice and comment rulemaking for regulations addressing aggregation of certain requests, addressing the schedule of fees applicable to the processing of requests, providing for expedited processing of requests, and providing for multi-track processing of requests, all of which were addressed in EPA's FOIA Rulemaking, these exceptions cannot apply to excuse EPA from complying with the APA's notice and comment requirements. *See id.*; 5 U.S.C. § 552(a)(6)(B)(iv) (aggregation); 5 U.S.C. § 552(a)(4)(A)(i) (schedule of fees); 5 U.S.C. § 552(a)(6)(E)(i) (expedited processing); 5 U.S.C. § 552(a)(6)(D)(i) (multi-track processing). These provisions of FOIA also constitute independent legal duties to conduct notice and comment rulemaking that EPA failed to follow when it promulgated EPA's FOIA Regulations. In addition, the good cause exemption does not apply because EPA's FOIA Rulemaking is not "a routine determination, insignificant in nature and impact, and inconsequential to the industry and to the public." *Mack Trucks*, 682 F.3d at 94. Indeed, the public, including EcoRights, is "greatly interested" in how EPA manages its FOIA compliance. *Id.* The procedural exception also does not apply because EPA's FOIA Rulemaking contains multiple explicit and implicit "value judgments," making application of that exception inappropriate. *Chao*, 587 F. Supp. 2d at 100-01.

61.     Under the APA "[t]he reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be … without observance of procedure required by law." 5 U.S.C. § 706(2)(D). EPA's decision to promulgate EPA's FOIA Regulations without notice and comment rulemaking was "without observance of procedure required by law." *Id.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

A.      Enter findings and declare that EPA's decision to centralize FOIA processing at EPA Headquarters violated the APA and FOIA;

B.      Enter findings and declare that EPA's decision to allow the EPA Administrator to make FOIA determinations violated the APA and FOIA;

C.      Enter findings and declare that EPA's decision to exempt FOIA determinations made by the EPA Administrator from the FOIA appeals process violated the APA and FOIA;

D.      Enter findings and declare that EPA's decision to use the date it receives a FOIA request as the presumptive search date cut-off for processing FOIA requests violated the APA and FOIA;

E.      Enter findings and declare that EPA's decision to allow itself to redact portions of responsive records based on its determination that those portions themselves are not responsive to the FOIA request violated the APA and FOIA;

F.      Enter findings and declare that EPA's decision to promulgate EPA's FOIA Regulations without notice and comment rulemaking violated the APA and FOIA;

G.      Vacate EPA's FOIA Regulations;

H.      Remand this matter to EPA for further proceeding consistent with this Court's order;

I.      Enjoin EPA from relying on EPA's FOIA Regulations;

J.      Direct by order that EPA promulgate new FOIA regulations, if any, by first providing a proposed rule followed by at least a 30-day public comment period before adopting a final rule;

K.      Grant Plaintiffs' costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

L.      Issue any other relief, including injunctive relief, which this Court deems necessary, just, or proper or relief that Plaintiffs may subsequently request.

1

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

2

Based on Plaintiffs' knowledge to date, pursuant to Civil Local Rule 3-15, the undersigned

3

certifies that, as of this date, other than the named parties, there is no such interest to report.

4

5

Dated: July 24, 2019                    Respectfully submitted,

6

7                          By:        *Christopher A. Sproul*

8                                      Christopher Sproul
                                       Counsel for Ecological Rights Foundation and
9                                      Our Children's Earth Foundation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27